UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARBIE J. RICH,

    Plaintiff,

v.   CASE No. 8:06-CV-12-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

    Defendant.
_____

## O R D E R

The plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits.[2] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

I.

---

[1] Michael J. Astrue has become the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted, therefore, for Jo Anne B. Barnhart as the defendant in this suit.

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 12).

The plaintiff, who was forty-two years old at the time of the administrative hearing and who has approximately one year of college, has been self-employed cleaning homes (Tr. 54, 541, 542). She filed a claim for Social Security disability benefits, alleging that she became disabled on January 9, 2003, due to a disc bulge at L-5 with a pinched nerve, anxiety, depression, fibromyalgia, irritable bowel syndrome and chronic fatigue syndrome (Tr. 53). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of degenerative disc disease, arthritis with herniation at L5-S1, chronic pain syndrome, fibromyalgia, irritable bowel syndrome, obesity, hypertension, hyperlipidemia, diabetes mellitus and depression (Tr. 15-16). The law judge concluded that these impairments restricted the plaintiff to a significant range of sedentary work with a sit/stand option, which is further limited to unskilled, routine, repetitive, entry-level and low-stress work that only has one- to two-step processes (Tr. 21, 23). The work must also be done primarily with things rather than with people (Tr. 21). The law judge also included the additional limitations of no climbing, no repetitive

overhead reaching, no temperature extremes, and no hazards (id.). The law judge determined that these restrictions precluded the plaintiff from returning to her past work (id.). However, based upon the testimony of a vocational expert, the law judge decided that there were jobs in the national economy that the plaintiff could perform, such as a ticket checker, final assembly worker, and lens inserter (Tr. 22). The plaintiff was therefore found not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy

itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The law judge found the plaintiff to have several severe impairments, but determined that the plaintiff has the residual functional capacity to perform a significant range of sedentary work (Tr. 21). The plaintiff challenges the law judge's decision on four grounds. None of the plaintiff's contentions warrants reversal of the law judge's decision.

A. The plaintiff contends that the law judge erred in not properly evaluating the plaintiff's complaints of pain (Doc. 17, pp. 11-14). In support of her argument, the plaintiff asserts that the law judge "ignores [her] testimony, physician's opinions, and treatment used to limit or alleviate her pain" (id. at p. 12). This argument is without merit.

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective complaints. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical

evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

If the law judge determines that, under this test, the subjective complaints are not supported by the objectively determined medical condition, then the subjective complaints cannot be the basis for a finding of disability and the law judge need not assess the credibility of those complaints. He must, however, provide an adequate explanation for the determination in order to permit, upon judicial review, an assessment whether the proper standard was applied and whether the finding is supported by substantial evidence. See, e.g., Walker v. Bowen, 826 F.2d 996, 1004 (11th Cir. 1987); Johns v. Bowen, 821 F.2d 551, 556 (11th Cir. 1987).

If, on the other hand, the law judge determines that there is objective medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985). In other words, this credibility finding must be explained.

Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988); Walker v. Bowen, supra, 826 F.2d at 1004.

The law judge recognized the need to articulate a credibility determination and referred to the regulation and Social Security Ruling governing such determinations (Tr. 19), thereby demonstrating that he applied the Eleventh Circuit pain standard. Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002). Moreover, the law judge considered the plaintiff's various complaints and set forth several reasons for discounting, at least to some extent, the plaintiff's subjective allegations (Tr. 19-20). Notably, the law judge did not totally reject the plaintiff's subjective complaints, but rather concluded that the plaintiff had severe restrictions that limited her to some types of sedentary work. The law judge only rejected the allegations of total disability.

Moreover, the law judge set forth detailed reasons for his credibility determination (Tr. 19-20):

> The objective medical evidence gives less than convincing factual basis for the degree of pain and limitations that the [plaintiff] has subjective [sic] described, or indicated that her impairments are so severe that even a wide range of sedentary work is

precluded. Although the claimant's CT, myelograms, and EMG studies shows [sic] impedement [sic] that may give a reasonable basis for complaints of pain, the evidence does not go so far as to show that the [plaintiff's] physical degeneration has led to the amount of pain that would be disabling under the regulations. Her psychological examinations routinely show her "doing well" with medication, although she indicates that she is in pain. Although the [plaintiff] testified that she sometimes thinks about killing herself, the psychiatric examination records indicate that she denied suicidal or homicidal ideation. (Exhibit 34F). At one point, a counselor indicated that the [plaintiff] was "over[]medicated" with analgesics, (Exhibit 28F/4), which may indicate a lack of following prescribed treatment or use of prescription drugs for other reasons other than mere analgesia.

The [plaintiff] complained of physical symptoms such as stomach pains, but when objective tests such as endoscopic examinations failed to show a physical component for her complaint, she shifted the focus of the symptoms to her anxiety. The [plaintiff] testified that she only is able to lay around and smoke cigarettes because of her limitations and pain. The evidence, however, suggests that she is capable of more, including the daily activities previously described, volunteering, and attending a pool party. (Exhibits 14E and 28F). Moreover, the [plaintiff] has continued smoking cigarettes, up to two packs per day. If the [plaintiff] were as truly limited or disabled by pain as alleged, she would likely pursue all avenues of

> treatment to abate the pain and stop all activities with proven deleterious effects, including the cessation of smoking.

This is a rational explanation for the law judge's credibility determination. Under the governing standards, this court is not authorized to substitute its judgment for that of the law judge.

In her argument, which overlaps substantially with her fourth contention, the plaintiff asserts that the law judge ignored her physicians' opinions (Doc. 17, pp. 12-13). Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not affording them such weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or when the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

Contrary to the plaintiff's assertion, the law judge did not ignore her physicians' opinions. Rather, the law judge gave a detailed summary of their opinions in setting forth the plaintiff's medical history (Tr. 16-19).

With respect to Dr. George S. Sidhom, that physician did not opine about any functional limitations. Rather, he made diagnoses that the law judge essentially accepted. Thus, Dr. Sidhom diagnosed the plaintiff as having physical problems of chronic lower back pain with lumbar disc herniation at L5-S1, lumbar facet arthritis, chronic pain syndrome and fibromyalgia (Tr. 463). Consistent with these diagnoses, the law judge determined that some of the plaintiff's severe impairments are degenerative disc disease, arthritis, disc herniation at L5-S1, chronic pain syndrome and fibromyalgia (Tr. 15-16).

Further, the law judge set forth adequate reasons for discounting the opinion of the plaintiff's treating physician, Dr. Rajender S. Lamba (Tr. 20). Dr. Lamba completed a Physical Capacity Evaluation form, which indicated that the plaintiff would only be able to stand, walk or sit for less than one hour in an eight-hour work day and that she would need to take unscheduled breaks every fifteen to twenty minutes (Tr. 520, 521). That form was conclusory in nature. Accordingly, the opinions it contained could be discounted on that basis alone.

Moreover, the law judge rejected the opinions on the form because "Dr. Lamba's treatment notes ... do not appear to support such dire limitations" (Tr. 20). The law judge added that Dr. Lamba's "progress reports appear to give more attention to the [plaintiff's] subjective complaints, which have been determined to be not credible, and less importance to the clinical signs" (id.). The law judge explained that Dr. Lamba "does not appear to have indicated in his progress reports that the [plaintiff] would be limited by her need for a break every 15 to 20 minutes, for a period lasting 30 minutes to an hour" (id.). The law judge further explained that these limitations are not consistent with the plaintiff's activities, which include doing volunteer work and attending a pool party (Tr. 21, 311).

Furthermore, the plaintiff's allegations of totally incapacitating pain are undercut by her own testimony. Thus, at the hearing, the plaintiff testified that, if she could "get up when [she] wanted ... that would alleviate probably the back problem" (Tr. 556). Accordingly, the law judge limited the plaintiff to sedentary work with a sit/stand option (Tr. 21).

The plaintiff's argument regarding the law judge's credibility determination is essentially that the evidence in the record supports the

-11-

plaintiff's subjective complaints. That argument is beside the point. Under the substantial evidence test, in order to overturn the law judge's determination, the evidence must compel the finding that the plaintiff's subjective complaints are totally credible. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005). Here, the law judge used the proper standard in analyzing the plaintiff's subjective complaints and provided adequate reasons for his credibility determination. It has long been the law that this court is not authorized to second guess that determination. See Celebrezze v. O'Brient, supra.

      B. The plaintiff asserts that the law judge did not consider the combined effects of her impairments and symptoms (Doc. 17, pp. 14-16). The Commissioner correctly responds that the law judge's decision demonstrates that he considered her impairments in combination (Doc. 18, p. 6).

      The law judge clearly recognized that he had to consider the combined effects of the plaintiff's impairments, stating (Tr. 15):

> It is next necessary to determine whether the [plaintiff] has a "severe" impairment or combination of impairments. A medically determinable impairment or combination of impairments is "severe" if it significantly limits an

>individual's physical or mental ability to do basic
>work activities. (20 C.F.R. §§ 404.1521 and
>416.921).

Moreover, a reading of the decision demonstrates that the law judge unquestionably considered the combined effects of the plaintiff's impairments.

In addition, the plaintiff does not identify any specific impairment that the law judge failed to consider. This contention, therefore, is patently meritless.

C. The plaintiff also contends that the law judge erred in not applying Social Security Ruling 85-16p in considering her mental impairments (Doc. 17, pp. 16-18). The plaintiff's argument, again, is groundless.

In support of her argument, the plaintiff cites to the law judge's treatment of Dr. Lamba's opinion regarding her physical incapabilities, but does not cite to the medical evidence regarding her mental limitations (id. at pp. 17-18). Thus, this argument is totally off the mark.

Further, contrary to the plaintiff's assertion, the law judge thoroughly reviewed the plaintiff's mental limitations. The law judge determined that the plaintiff suffers from depression and that it is a severe

-13-

impairment. Significantly, the law judge spent over a page discussing the plaintiff's mental impairment and resulting limitations (Tr. 16-17). The law judge also discussed in detail the plaintiff's mental health treatment and medication (Tr. 17, 18, 19, 20).

The law judge concluded that the plaintiff's depression limits her to low-stress, routine, repetitive, entry-level, unskilled work (see Tr. 23). Further, he restricted the plaintiff to work that is done primarily with things rather than people (id.). Importantly, the plaintiff has not attempted to show in her memorandum that, as a result of a mental impairment, she has greater functional limitations than the law judge found (see Doc. 17, pp. 16-17). Accordingly, the law judge's evaluation of the plaintiff's mental impairment is appropriate and supported by substantial evidence.

D. In her final argument, the plaintiff contends that the law judge did not apply Social Security Ruling 96-2P in specifying the weight accorded to the opinions of her treating physicians (id. at pp. 18-19). This argument, too, lacks merit.

The plaintiff's argument is properly denied on the ground of insufficient development. Thus, the plaintiff does not cite to the record or

identify which treating source opinions were not accorded appropriate weight by the law judge (id.). Therefore, this argument is deemed abandoned (Doc. 10, p. 2).

In any event, the law judge did not err in this respect. As previously explained, Dr. Sidhom did not express any opinion regarding the plaintiff's functional limitations. As also explained above, the law judge reasonably set forth a basis for discounting the opinions of Dr. Lamba.

The record also contains an opinion (of sorts) by a mental health counselor, Claude Fightmaster. Fightmaster stated that he strongly recommends "that consideration be given for disability" (Tr. 519). The law judge considered this comment and discounted it (Tr. 20). In this respect, the law judge pointed out that Fightmaster had rated the plaintiff in 2004 as having a Global Assessment of Functioning ("GAF") of 55, which reflects only moderate symptoms (id.). See Diagnostic and Statistical Manual of Mental Disorders, (4th ed.) p. 32. Indeed in 2003, Fightmaster numerous times placed the plaintiff's GAF rating in the 60's, which indicates only some mild symptoms (see Tr. 304, 305, 308, 309, 312, 313). Moreover, the law judge noted that, under the regulations, mental health counselors are not considered

-15-

acceptable sources of medical evidence and thus not entitled to the weight afforded psychiatrists or psychologists (Tr. 20). See 20 C.F.R. 404.1513; cf. Falge v. Apfel, 150 F.3d 1320, 1324 (11th Cir. 1998), cert. denied, 525 U.S. 1124 (1999)(chiropractor). Accordingly, the law judge reasonably explained why he was discounting Fightmaster's opinion.

The plaintiff therefore is not entitled to relief on her contention that the law judge failed to state the reasons for discounting medical opinions. In the first place, the argument was not developed and is deemed abandoned. Moreover, the law judge did explain why he discounted the two opinions regarding functional limitations that are contained in the record.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is supported by substantial evidence and is therefore AFFIRMED. The Clerk is directed to enter judgment accordingly and to close this case.

DONE and ORDERED at Tampa, Florida, this 1st day of March, 2007.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE